JS-44 (Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**RECEIVED SEP 2 6 2002 U.S. DISTRICT COURT NRN DISTRICT OF TEXAS**

## I. (a) PLAINTIFFS
Scott Stalets

**DEFENDANTS**
Portex, Inc. d/b/a SIMS Portex, Inc
SIMS Portex, Inc d/b/a Portex, Inc
Smiths Group, PLC d/b/a Smiths Medical, d/b/a Portex, Inc, d/b/a SIMS Portex, Inc

(b) County of Residence of First Listed Plaintiff   **Tarrant**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
Dale M Rodriguez
PO Box 260926
Plano, Texas 75026
(972) 769-1477

Attorneys (If Known)

**3 02CV-2085R**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S Government Plaintiff
- ☒ 3  Federal Question (U S Government Not a Party)
- ☐ 2  U S Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus | | ☐ 870 Taxes (U S Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U S Civil Statute under which you are filing and write brief statement of cause Do not cite jurisdictional statutes unless diversity)
Statute Title VII of Civil Rights Act of 1964, as amended, 42 U S C §2000e et seq   Cause of action unlawful employment retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R C P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE  9/26/02
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
SEP 26 2002
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| SCOTT STALETS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | 3 02CV-2085R |
| | § | |
| PORTEX, INC. d/b/a SIMS PORTEX, INC., | § | |
| SIMS PORTEX, INC. d/b/a PORTEX, INC , and | § | |
| SMITHS GROUP, PLC d/b/a SMITHS MEDICAL | § | |
| d/b/a SIMS PORTEX, INC. | § | |
| d/b/a PORTEX, INC. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Scott Stalets ("Stalets"), Plaintiff, files this his Original Complaint against Portex, Inc d/b/a SIMS Portex, Inc , SIMS Portex, Inc. d/b/a Portex, Inc., and Smiths Group, PLC d/b/a Smiths Medical d/b/a SIMS Portex, Inc d/b/a Portex, Inc. (collectively hereinafter "SIMS" or "Defendants"), Defendants, to redress certain grievances arising under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S C. § 2000e *et seq.* For causes of action, Plaintiff would show the Court as follows:

I.

### JURISDICTION, PARTIES AND VENUE

1  This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U S.C. §§ 1331, 1343(a)(4), 1367 and 1391 Defendants are corporations doing business in this judicial district Stalets is an individual residing in Southlake, Tarrant County, Texas. Unless otherwise noted, all events described hereinafter occurred in Tarrant County, Texas. Venue is therefore proper.

**Plaintiff's Original Complaint - Page 1**

## II.

## **FACTUAL BACKGROUND**

2. Stalets was employed by Portex, Inc. d/b/a SIMS Portex, Inc. from around or about December 6, 1999 until on or about May 7, 2001.

3. Stalets was employed by SIMS Portex, Inc d/b/a Portex, Inc. from around or about December 6, 1999 until on or about May 7, 2001.

4  Stalets was employed by Smiths Group, PLC d/b/a Smiths Medical, d/b/a SIMS Portex, Inc , d/b/a Portex, Inc. from around or about December 6, 1999 until on or about May 7, 2001

5. Stalets' position at the time of the events in question was Southwest Sales Manager. While employed with SIMS, Stalets worked out of his home in Southlake, Texas

6. Stalets was a model employee throughout his employment with SIMS. Indeed, around or about August 2000, Stalets was offered a promotion to National Sales Manager, which he declined

7  After a little over a year on the job, around or about December 29, 2000, Stalets' supervisor, Richard Eagle ("Eagle"), gave Stalets a 5% salary increase, telling Stalets that the increase reflected his "good performance with regard to gross profit," and that he was doing a "good job," and that he had "one year down, many more to come," and encouraged him to "keep up the good work "

8  However, on March 2, 2001, Jim Searle, SIMS' new National Sales Manager met Stalets at DF/W Airport and told Stalets that he was sent by Eagle to obtain Stalets' signature on a document described as a "Resignation Agreement." When Stalets asked why, Searle told him that he did not know why and would try to find out the reason. Stalets refused to sign the document, Searle departed, and Stalets never heard from him again as Searle was terminated by SIMS a few days later

9  Only a few days later, on March 7, 2001, Eagle placed Stalets on a unique performance

**Plaintiff's Original Complaint - Page 2**

improvement plan ("PIP") that was not consistent with company policy or practice and which imposed unreasonable and unreachable goals in an unrealistically short time frame Stalets was told that if he did not sign the PIP, his employment would immediately be terminated Not wanting to lose his job, Stalets had no reasonable alternative but to sign the PIP, even though he did not agree with it

10.    The PIP that Eagle imposed cites Stalets' alleged failure to achieve gross profit goals as well as vague criticisms of Stalets' management style However, Stalets' region's gross profit numbers were no worse than that of other regions (ranking 3rd or 4th out of 10 regions), and yet he was singled out to be put on the PIP when worse performing sales managers in other regions were not Additionally, Eagle never explained to Stalets the underlying basis for the criticisms of Stalets' management style noted in the PIP.

11.    The forgoing facts indicate that something happened between December 29, 2000 and March 3, 2001 that drastically altered Eagle's perception of Mr Stalets. Indeed, something did happen. Specifically, Stalets had received complaints from one of his employees named Karen Rossi ("Rossi") that Eagle had been intimidating her and subjecting her and other female employees to apparent sexual harassment and/or gender discrimination/intimidation Rossi provided details of several incidents that appeared to substantiate her allegations, including one in which Eagle apparently dropped his pants in front of a female employee Stalets had also heard complaints from other female employees over the course of his employment with SIMS who complained about how uncomfortable Eagle made them. Given this information and background, Stalets reasonably believed that Rossi (and other female employees) was complaining to him of unlawful sexual harassment and/or gender discrimination/intimidation As Rossi's manager, and based on his understanding of company policy,

**Plaintiff's Original Complaint - Page 3**

Stalets reasonably believed that he had a duty to bring Rossi's complaints to Eagle's attention

12.     As a result, Stalets told Eagle of Rossi's allegations in February, 2001, and, importantly, further told Eagle that if he was doing these things, he needed to stop  Conspicuously, Eagle did not deny Rossi's allegations.  Instead, he replied by telling Stalets that if Rossi's sales numbers dropped, she would "show up on the radar screen," which Stalets understood meant that she would be terminated  Concerned about the implications of this statement, Stalets dropped the matter.

13.     Just a few weeks later, on March 7, 2001, Eagle put Stalets on the unwarranted and punitive PIP  Then, on May 7, 2001, despite Stalets' initiation of the company's complaint resolution process, SIMS terminated Stalets' employment

14      In short, Stalets was retaliated against by SIMS (via the actions of Eagle) because he made statements to Eagle opposing what he reasonably understood to be unlawful sexual harassment and/or gender discrimination/intimidation against female employees as perpetrated by Eagle  The reasons articulated by SIMS for its actions towards Stalets are pretexts for unlawful retaliation

15.     Stalets has complied with and has satisfied all jurisdictional prerequisites in connection with each of his claims in this lawsuit and has filed this lawsuit within ninety (90) days of his receipt of a Notice of Right to Sue letter.

### III.

### CAUSES OF ACTION

16.     Plaintiff fully incorporates each and every fact set forth in paragraphs 1 through 15, *supra*, with respect to each and every cause of action set forth below

### COUNT ONE – UNLAWFUL RETALIATION

17      SIMS' actions as described above constitute unlawful retaliation in violation of Title VII of

**Plaintiff's Original Complaint - Page 4**

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-(3)(a).

18   As a result of SIMS' actions as described above in violating Title VII, Stalets has incurred actual damages in the form of lost wages, lost/replacement benefits, and interest thereon

19   As a further result of SIMS' actions as described above in violating Title VII, Stalets has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Accordingly, Stalets is entitled to compensatory damages in the maximum amount permitted by law.

20   As a further result of SIMS' actions as described above in violating Title VII with malice or reckless indifference to the federally protected rights of Stalets, he is entitled to punitive damages in the maximum amount permitted by law.

21   Additionally, Stalets is entitled to recover his attorneys' fees and costs of Court

### PRAYER

WHEREFORE, Plaintiff, Scott Stalets, respectfully prays that this Court advance this case on the docket, order a speedy trial at the earliest practicable date, cause the action to be in every way expedited, and, upon final hearing, Stalets have:

1. Judgment against SIMS for Stalets' actual damages, including, but not limited to, lost wages and lost/replacement benefits;

2. Judgment against SIMS for compensatory damages;

3. Judgmment against SIMS for punitive damages;

4. Judgment against SIMS ordering it to take such other reasonable actions as may be necessary to remedy the effects of SIMS' violation of Title VII;

5. Pre-judgment interest at the appropriate legal rate on all amounts awarded,

**Plaintiff's Original Complaint - Page 5**

6    Interest after judgment at the rate of 10% per annum until paid,

7    Judgment against SIMS for Stalets' reasonable attorneys' fees,

8.    Costs of suit; and

9    Such other and further relief to which Stalets may be justly entitled

Dated September 26, 2002

Respectfully submitted,

LAW OFFICE OF DALE M. RODRIGUEZ
P.O BOX 260926
PLANO, TEXAS 75026-0926
Ph.  (972) 769-1477
FAX (972) 398-9479

By_____
    Dale M. Rodriguez
    State Bar No. 00788302

*ATTORNEY FOR PLAINTIFF*

**Plaintiff's Original Complaint - Page 6**