**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV -5 2002

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| SCOTT STALETS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PORTEX, INC. d/b/a SIMS PORTEX, | ) |
| INC., SIMS PORTEX, INC. d/b/a | ) |
| PORTEX, INC., and SMITHS GROUP, | ) |
| PLC d/b/a/ SMITHS MEDICAL d/b/a | ) |
| SIMS PORTEX, INC. d/b/a/ PORTEX, | ) |
| INC. | ) |
| | ) |
| Defendants. | ) |

Civil Action No.: 3:02-CV-2085-R

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Portex, Inc. and Smiths Group PLC (collectively "Defendants") hereby answer Scott Stalets' ("Plaintiff") Original Complaint as follows:

Defendants admit that Plaintiff has filed his Original Complaint against Portex, Inc. d/b/a SIMS Portex, Inc., SIMS Portex, Inc. d/b/a Portex, Inc., and Smiths Group, PLC d/b/a Smiths Medical d/b/a SIMS Portex, Inc. d/b/a Portex, Inc.  Defendants deny that Portex, Inc. is doing business as SIMS Portex, Inc., or vice versa.  Defendants aver that Portex, Inc. was formerly known as SIMS Portex, Inc., and that SIMS Portex, Inc. ceased to exist as a formal legal entity on November 15, 2001.  Defendants deny that Smiths Group, PLC is doing business as Smiths Medical, SIMS Portex, Inc. or Portex, Inc., as alleged in the Complaint.  Defendants aver that Smiths Medical is not, and never has been, a recognized legal entity.



Defendants admit that Plaintiff has raised claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, but denies that they have violated this law.

## I.

## JURISDICTION, PARTIES AND VENUE

1.      Defendants admit that Plaintiff attempts to invoke the jurisdiction of this Court pursuant to the statutory provisions identified in paragraph 1 of the Complaint; however, issues of jurisdiction are conclusions of law to which no response is required. Defendants admit that Plaintiff has asserted that venue is proper in this Court; however, issues of venue are conclusions of law to which no response is required. Defendants admit that they are corporations doing business in this judicial district. Defendants are without sufficient information to admit or deny Plaintiff's current residence. Defendants deny that some of the events described in the Complaint occurred at all, and therefore deny that all events described in the Complaint occurred in Tarrant County, Texas, as alleged in paragraph 1 of the Complaint.

## II.

## FACTUAL BACKGROUND

2.      Defendants deny that Plaintiff was employed by Portex, Inc. d/b/a/ SIMS Portex, Inc. from December 6, 1999 until May 7, 2001. Defendants admit that Plaintiff was hired by SIMS Portex, Inc. on or about December 6, 1999 and worked for SIMS Portex, Inc. until his termination on May 7, 2001. Defendants aver that on November 15, 2001, more than six months after Plaintiff's termination, SIMS Portex, Inc. ceased to exist as a legal entity and became known as Portex, Inc.

3.      Defendants admit that Plaintiff was employed by SIMS Portex, Inc. from December 6, 1999 until May 7, 2001.  Defendants deny that SIMS Portex, Inc. does business as Portex, Inc.

4.      Defendants deny that Plaintiff was ever employed by Smiths Group, PLC. Defendants further deny that Smiths Group, PLC does business as Smiths Medical, SIMS Portex, Inc. and/or Portex, Inc.  Defendants aver that Smiths Medical is not a recognized legal entity.

5.      Defendants admit that Plaintiff was employed as the Southwest Sales Manager for SIMS Portex, Inc.  Defendants admit that while employed with SIMS Portex, Inc., Plaintiff worked out of his home in Southlake, Texas.  Defendants deny that Plaintiff was ever employed by Smiths Group, PLC in any capacity.

6.      Defendants deny the allegations contained in paragraph 6 of the Complaint.

7.      Defendants admit that in December 2000, Plaintiff's supervisor at SIMS Portex, Inc., Richard Eagle, Vice President of Sales and Marketing, approved a 5% salary increase for Plaintiff.  Defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

8.      Defendants admit that Jim Searle met with Plaintiff at DF/W Airport on March 2, 2001.  Defendants aver that on March 2, 2001, Jim Searle was the Director of Sales for SIMS Portex, Inc. and was not representing Smiths Group, PLC.  Defendants are without sufficient information to admit or deny the specifics of the conversation that occurred between Mr. Searle and Plaintiff.  Defendants admit that Mr. Searle presented Plaintiff with a resignation agreement on behalf of SIMS Portex, Inc.  Defendants admit

that Plaintiff refused to sign the agreement. Defendants are without sufficient information to admit or deny whether Plaintiff ever heard from Mr. Searle again. Defendants deny that Mr. Searle was terminated a few days later. Defendants aver that Mr. Searle resigned his employment with SIMS Portex, Inc. and that he never worked for Smiths Group, PLC. Defendants deny any remaining allegations contained in paragraph 8 of the Complaint.

9.      Defendants admit that SIMS Portex, Inc. placed Plaintiff on a performance improvement plan ("PIP") on or about March 7, 2001. Defendants deny that the PIP was unique, deny that it was not consistent with company policy or practice, and deny that it imposed unreasonable and unreachable goals in an unrealistically short time frame. Defendants aver that SIMS Portex, Inc. gave Plaintiff the opportunity to resign with severance pay or accept the PIP. Defendants admit that Plaintiff signed the PIP. Defendants deny the remaining allegations contained in paragraph 9 of the Complaint.

10.     Defendants deny Plaintiff's characterization of the terms of the PIP and aver that the PIP speaks for itself. Defendants deny the remaining allegations contained in paragraph 10 of the Complaint.

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint. Defendants aver that after Plaintiff filed his EEOC Charge, Portex, Inc. learned that Plaintiff had identified Ms. Rossi as having complained of sexual harassment. Portex, Inc. investigated these allegations. Ms. Rossi denied ever complaining to Plaintiff about harassment and/or discrimination by Mr. Eagle.

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.     Defendants admit that SIMS Portex, Inc. placed Plaintiff on a PIP on March 7, 2001 and that he was terminated by SIMS Portex, Inc. on May 7, 2001. Defendants deny the remaining allegations contained in paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendants admit that Plaintiff filed an administrative charge. Defendants are without sufficient information to admit or deny when Plaintiff received his Notice of Right to Sue letter.

### III.

### CAUSES OF ACTION

16.     Defendants incorporate by reference their responses to paragraphs 1 through 15 of the Complaint.

### COUNT ONE – UNLAWFUL RETALIATION

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

## PRAYER

Defendants deny that Plaintiff is entitled to any relief as requested in subparts (1) through (9) listed under the WHEREFORE paragraph of his Complaint.

Defendant denies any and all allegations of the Complaint that are not expressly admitted or denied above.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Smiths Medical is not a recognized legal entity, and therefore, cannot be sued.

3.      Defendant Smiths Group, PLC did not employ Plaintiff at any time.

4.      All actions taken by Defendant Portex, Inc.(formerly SIMS Portex, Inc.) with regard to Plaintiff's employment were based on legitimate, non-discriminatory reasons.

5.      Plaintiff is not entitled to any back pay or front pay, and failed to mitigate damages.

6.      The Court lacks subject matter jurisdiction over Plaintiff's claims.

7.      Plaintiff was an employee at-will.

WHEREFORE, Defendants request that this matter be dismissed, that Plaintiff 's prayer for relief be denied, and that Defendants be awarded their costs and attorney's fees expended in the defense of this action and such other relief as the Court may deem just and appropriate.

Dated: November 5, 2002

Respectfully submitted,

*Melissa M Goodman*

L. Denise Galambos (*pro hac vice* application to be filed)
Robyn B. Weiss (*pro hac vice* application to be filed)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
202-739-5664
202-739-3001 (facsimile)


Melissa M. Goodman
Texas Bar No. 00790648
HAYNES AND BOONE, LLP
901 Main Street
Suite 3100
Dallas, TX 75202
214-651-5628
214-200-0455 (facsimile)

Attorneys for Portex, Inc. and Smith Group, PLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served via certified U.S. mail (7106 4575 1292 3576 8567), postage prepaid, a copy of the foregoing Defendants' Answer and Affirmative Defenses, this 5th day of November 2002, upon counsel for Plaintiff:

> Dale M. Rodriguez
> LAW OFFICE OF DALE M. RODRIGUEZ
> P.O. Box 260926
> Plano, Texas 75026-0926

*Melissa M Goodman*

Melissa M. Goodman