IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCOTT STALETS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 3 02CV-2085R |
| ) | |
| PORTEX, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to the provisions of Fed. R. Civ. P. 26(c), and on the joint stipulation and motion of each of the parties to this action, it is hereby ORDERED as follows:

1. Any party may designate as "Confidential" any document, material, or information (written or oral) which is produced to any other party in the course of this action, whether by discovery or otherwise. A party may designate as "Confidential" any material which constitutes or reveals confidential financial, medical, personnel, or business information. Information which is publicly-available or which becomes publicly-available (other than through a violation of this Order) shall not constitute "Confidential" information.

2. Information which has been designated "Confidential" shall be used for the purposes of this litigation only and not for any other purpose. Moreover, "Confidential" information shall be disclosed only to the following persons:

    (a)   The parties to the action.

    (b)   Counsel for the parties to this action, including associate and in-house counsel and clerical, secretarial, paralegal, and support staff.

(c) The Court and court personnel, including court reporters, provided that any pleading or other document filed with the Court which contains or discloses "Confidential" information shall be so marked and shall be filed under seal.

(d) Outside experts expected to testify at trial or formally retained or specially employed in anticipation of litigation for preparation for trial, <u>provided</u> that each such person shall first be informed of the terms of this Order and shall agree to abide by its terms.

(e) Other witnesses (or potential witnesses) who have relevant information to this action, provided that each such witness shall first be informed of the terms of this Order and shall agree to abide by its terms. Additionally, such witnesses' access to "Confidential" information shall be strictly limited to that information necessary for purposes of this litigation, their review of "Confidential" information shall occur in counsel's presence, and such persons shall not be provided copies of "Confidential" materials to retain in their possession.

3. Information may be designated as "Confidential" in the following manner:

(a) The producing party shall mark documents containing "Confidential" information with the notation "CONFIDENTIAL" on the face of each page containing "Confidential" information.

(b) Pleadings and other material filed with the Court which contain or disclose "Confidential" information shall bear the notation "CONFIDENTIAL -- UNDER SEAL" or a similar notation on the first page of the pleading.

(c) "Confidential" information disclosed at a deposition may either be designated on the record at the deposition by either party, or may be designated in writing by the disclosing party within ten business days of receipt of the transcript by the designating party.

(d) Any party seeking to file "Confidential" information in the Court record under seal shall submit a motion and accompanying order to the Court which includes: (i) the proposed reasons, supported by specific factual representations, to justify the sealing; and (ii) an explanation why alternatives to sealing would not provide sufficient protection.

4. A designation of "Confidential" status may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

5. Subject to the duty to meet and confer, the non-designating party may ask the Court to remove the "CONFIDENTIAL" label that has been applied to any document or group

of documents at any time after such status is designated, but the label shall remain until the parties agree or the Court orders otherwise.

6. Within 30 days of a request by the opposing party after the conclusion of this action (including the conclusion of any appeal), all "Confidential" materials produced shall be returned to counsel for the producing party, <u>provided</u> that counsel for each party may maintain, under seal, one copy of the pleadings, correspondence and documents filed with the Court. The Clerk of the Court may return to counsel or destroy any sealed material at the conclusion of the litigation. The seal shall be lifted only upon Court order.

7. Nothing contained herein is intended to restrict the rights of the parties to conduct or engage in the process of discovery or object to any discovery, except to the extent specifically set forth herein. In addition, nothing contained herein is intended to restrict the rights of the parties to utilize any documents or information that they may possess by means other than production by a party to this litigation.

8. This Order governs discovery and the pretrial stage of this litigation. In the event any "Confidential" information is used in any proceeding herein, it shall not lose its status through such use and the parties shall take all steps reasonably required and available to protect its confidentiality during such use. The use at trial of information designated "Confidential" shall be subject to further order of Court, provided that any information designated "Confidential" may be submitted under seal at any time. Each of the parties shall be entitled to seek modifications of this Order by application to the Court on notice to the other parties for good cause. The parties expressly reserve their rights to seek further protection with respect to their current and future discovery responses.

9. The final determination or settlement of this action shall not relieve any person who has received "Confidential" material from the obligations imposed by this Stipulation and

Order, and this Court shall retain jurisdiction after such final determination or settlement to enforce, dissolve or modify the provisions of this Stipulation and Order.

10. The undersigned counsel represent that they have reviewed the terms of this Stipulation and Order with their respective clients and that their clients understand the meaning, intent, and practical impact of this Stipulation and Order for the production and exchange of "Confidential" information.

AGREED AND STIPULATED TO:

| | |
|---|---|
| /s/ Robert (Bobby) Lee<br>Robert (Bobby) Lee<br>State Bar No. 00787888<br>Heygood, Orr & Reyes, L.L.P.<br>2301 E. Lamar, Suite 140<br>Arlington, TX 76006<br>Telephone: (817) 633-2802<br>Telecopier: (817) 633-3988<br><br>**ATTORNEY FOR PLAINTIFF** | /s/ Robyn B. Weiss<br>L. Denise Galambos (*pro hac vice*)<br>Robyn B. Weiss (*pro hac vice*)<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>Telephone: (202) 739-5664<br>Telecopier: (202) 739-3001<br><br>Melissa M. Goodman<br>State Bar. No. 00790648<br>Haynes and Boone, LLP<br>901 Main Street<br>Suite 3100<br>Dallas, TX 75202<br>Telephone: (214) 651-5628<br>Telecopier: (214) 200-0455<br><br>**ATTORNEYS FOR DEFENDANTS** |

It is so ORDERED, this 21 day of MARCH, 2003.

/s/ Jerry Buchmeyer
Jerry Buchmeyer
United States District Judge
Northern District of Texas

4